TROUTMAN SANDERS LLP
Matthew D. Murphey, Esq. (SBN 194111)
matt.murphey@troutmansanders.com
550 West B Street, Suite 400
San Diego, CA 92101-3599
Telephone: 619.235.4040
Facsimile: 619.231.8796

Attorneys for Defendant and Counterclaimant,
BINH TE FOOD JOINT STOCK COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| MAI A. NGUYEN, an individual and doing business as MSJ FOODS, Inc., MSJ FOODS, Inc.,<br><br>           Plaintiff,<br><br>v.<br><br>CONG TY CO PHAN THUC PHAM BINH TAY, a business entity, form unknown; THAI SON, a business entity, form unknown; and, DOES 1 to 10, inclusive,<br><br>           Defendant.<br><br>BINH TE FOOD JOINT STOCK COMPANY, ERRONEOUSLY SUED AS CONG TY CO PHAN THUC PHAM BINH TAY,<br><br>           Counterclaimant,<br><br>v.<br><br>MAI A. NGUYEN, an individual and doing business as MSJ FOODS, Inc., MSJ FOODS, Inc., a business entity, form unknown; ROES 1 to 10, inclusive,<br><br>           Counterdefendants | Case No. 8:10-cv-01558-CJC -MLG<br><br>**DEFENDANT AND COUNTERCLAIMANT'S OPPOSITION TO PLAINTIFF AND COUNTERDEFENDANTS' MOTION TO DISMISS** |

Defendant and Counterclaimant Binh Te Food Joint Stock Company, erroneously sued as Cong Ty Co Phan Thuc Pham Binh Tay ("Binh Te Foods"), submits this Opposition to Plaintiff and Counterdefendants Mai A. Nguyen and MSJ Foods, Inc.'s (collectively "Counterdefendants") Motion to Dismiss.

# I.

# INTRODUCTION

Binh Te Foods filed its Counterclaim alleging (1) trademark infringement and unfair competition in violation of federal law, and (2) unfair competition in violation of California law.  In response, Counterdefendants have filed a motion to dismiss both claims pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion").  Counterdefendants' Motion lacks merit and should be denied.  The Motion mischaracterizes the claims and allegations set forth in the Counterclaim, and is replete with misstatements of law.

# II.
# THE MOTION TO DISMISS SHOULD BE DENIED BECAUSE BINH TE FOODS HAS SUFFICIENTLY PLED ALL FACTS NECESSARY UNDER THE FEDERAL RULES

**A.    Standard for Dismissal Under Federal Rule of Civil Procedure 12(b)(6)**

The Federal Rules require only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  The Rule 8 standard contains "a powerful presumption against rejecting pleadings for failure to state a claim." *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997) *citing Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 386 (5th Cir. 1985); *see also Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986).  A complaint is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 554 (2007). Under *Twombley*, detailed factual allegations are generally not required; all that is required is that the facts alleged state a claim for relief that is plausible on its face. *Id.* at 570-72.

Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Gilligan*, 108 F.3d at 249; *United States v. Redwood City,* 640 F.2d 963, 966 (9th Cir. 1981) (stating that dismissal is proper only in "extraordinary" cases).  In deciding such motions, the Court must "take all of the allegations of

material fact stated in the complaint as true and construe them in the light most favorable to the nonmoving party." *Rodriguez v. Panayiotou,* 314 F.3d 979, 983 (9th Cir. 2002); *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). "In reviewing the sufficiency of a complaint, '[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Gilligan,* 108 F.3d at 249 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). A plaintiff need not allege everything that he or she must eventually prove. *Atchinson v. District of Columbia*, 73 F.3d 418, 421-22 (D.C. Cir. 1996).

### B. Binh Te Foods Has Properly Pled Its First Claim for Relief

To state a claim for trademark infringement and unfair competition under Section 43(a) of the Lanham Act, a plaintiff must plead that (1) it has a protected interest in the mark and (2) that the defendant's use of the same or similar mark is likely to cause consumer confusion. 15 U.S.C. § 1125(a)(1)(A); *Levi Strauss & Co v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir. 1985); *Dep't of Parks & Rec. v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118, 1124 (9th Cir. 2006); *see also Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1226, n. 5 (9th Cir. 2008) (citing *Donchez v. Coors Brewing Co.*, 392 F.3d 1211, 1219 (10th Cir. 2004) (also providing that the elements of trademark infringement are similar to those required to prove unfair competition under Section 43(a) of the Lanham Act).

Registration of the mark is <u>not</u> a prerequisite for protection under the Lanham Act. *Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 768 (1992) (emphasis added); *Kendall-Jackson Winery, Ltd v. E. & J. Gallo Winery,* 150 F.3d 1042, 1047 n. 7 (9th Cir. 1998). An unregistered mark is sufficient to establish standing under the Lanham Act, as the standard test of ownership is priority of use. *Halicki Films*, 547 F.3d at 1226 (providing that it is not enough to have registered the mark first, but rather the party claiming ownership must have been the first to actually use the mark in the sale of goods or services).

///

Here, Binh Te Food's factual allegations are sufficient to state a claim for relief under Section 43(a) of the Lanham Act. Binh Te Foods alleges that it is the "owner of all right, title, and interest in and to the mark 'La Bo De.'" (Counterclaim ¶ 7.) Binh Te Foods also alleges that it "actively promotes and sells goods and/or services under the 'La Bo De' mark, and has continuously used the mark in interstate commerce since at least 1985." (*Id.*) Binh Te Foods further alleges that it has priority of use over the "La Bo De" mark since its use began seven years prior to Counterdefendants' use of the mark. (*Id.* ¶ 8.)

Binh Te Foods also alleges that Counterdefendants' use of the 'La Bo De' mark without its consent is likely to cause consumer confusion, mistake, and/or deception in violation of the Lanham Act. (*Id.* ¶ 11.) Binh Te Foods further alleges that its "interests in its 'La Bo De' mark have been and will continue to be damaged as a result of Counterdefendants' actions." (*Id.* ¶ 12.) Those damages include lost profits and loss of valuable good will, among others. (*Id.* ¶ 12.) Further, Binh Te Foods alleges that Counterdefendants market and sell products and/or services using the 'La Bo De' mark with a conscious disregard of Binh Te Foods' rights. (*Id.* ¶ 13.) Accordingly, Binh Te Foods alleges that it has suffered, is suffering and will continue to suffer irreparable harm as a result of Counterdefendants' conduct. (*Id.*) Since Binh Te Foods has no adequate remedy at law, it seeks to preliminary and permanently enjoin Counterdefendants from using the 'La Bo De' mark (or any confusingly similar variant thereof). (*Id.* ¶ 14.) Taking all of these factual allegations as true and construing them in a light most favorable to the nonmoving party, it is clear that Binh Te Foods has alleged facts sufficient to state claim for relief that is plausible on its face. What's more, Counterdefendants have been provided with fair notice of what the claim is and the grounds upon which it rests.

Counterdefendants incorrectly contend that Binh Te Foods was required to register its "La Bo De" mark before asserting its claim. (Motion, at pg. 5, lines 21-26.) This proposition simply misstates the law. Counterdefendants' failure to cite a

single authority in support of its position is telling.  As the case law makes clear, Binh Te Foods may assert a cause of action for trademark infringement and unfair competition under the Lanham Act without having first registered its mark.  Indeed, Binh Te Foods clearly alleges that it has priority ownership interests in the "La Bo De" mark because it used the mark in the sale of goods and/or services at least seven years prior to Counterdefendants' use of same.  (*See* Counterclaim ¶¶ 7, 8.)

Counterdefendants' standing argument is completely void of merit and again misstates the law.  Counterdefendants assert that Binh Te Foods lacks standing to sue because it failed to indicate that it is "registered and authorized to conduct business in this district."  (Motion, at pg. 6, lines 1-3.)  Counterdefendants cite Federal Rules of Civil Procedure Sections 17(b)(2) and 8(a) in support of this proposition; however, even a cursory look at these provisions demonstrates that nowhere is Binh Te Foods required to state that it is registered and authorized to conduct business in this district.

Federal Rule of Civil Procedure Section 8(a) requires a party to provide the grounds for jurisdiction, a short and plain statement of the claim, and a demand for relief.  Binh Te Foods has done just that.  (*See* Counterclaim.)  Federal Rule of Civil Procedure Section 17(b) relates to a party's capacity to sue.  Binh Te Foods alleges that it is a company that conducts business in interstate commerce and that its principal place of business is Ho Minh City, Vietnam.  (Counterclaim ¶ 3.  Nothing more is required of it in that regard.)[1]

Moreover, Binh Te Foods clearly alleges that it has suffered and continues to suffer actual loss directly resulting from Counterdefendants' use of the "La Bo De" mark.  (*See* Counterclaim ¶¶ 14, 18.)  Based on the foregoing, Binh Te Foods' first claim for relief was properly pled.  Thus, Counterdefendants' motion to dismiss

---

[1] *See Healthtrac, Inc. v. Sinclair,* 302 F.Supp.2d 1125, 1127 (N.D. Cal. 2004) (finding that a Canadian corporation had capacity to sue in federal court where the movant failed to provide any Canadian authority suggesting otherwise.)

Binh Te Foods' first claim for relief must be denied.

## C. Binh Te Foods has Properly Pled its Second Claim for Relief

Under California's Unfair Competition Law, a cause of action exists where a defendant's act or practice is (1) unlawful; (2); unfair; (3); fraudulent; (4) or constitutes false advertising. CAL. BUS. & PROS CODE § 17200; *see also Lozano v. AT&T Wireless Services, Inc.*, 504, F.3d 718, 731 (9th Cir. 2007). The statute's coverage is sweeping and intentionally broad so that courts may enjoin wrongful business practices wherever they occur. *See In re First Alliance Mortg. Co.*, 471 F.3d 977, 995 (9th Cir. 2006) (internal citations omitted); *see also Cal-Tech Commc'ns, Inc. v. Los Angeles Cellular Tele. Co.*, 20 Cal.4th 163, 181 (1999).

Further, Section 17200, *et. seq*, incorporates other laws and treats violations of them as independently actionable under California law. *See Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1048 (9th Cir. 2000). Indeed, the statute is defined so broadly that it includes anything that can properly be called a business practice and at the same time is forbidden by law. *See Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 395 (1992).

Here, Binh Te Foods' Counterclaim includes all of the required factual allegations to support a claim for unfair competition in violation of California Business and Professions Code Sections 17200, *et. seq*. Counterdefendants argue that Binh Te Foods failed to state any facts as required by law. This is false. Indeed, Binh Te Foods realleged and incorporated every allegation that preceded its second claim for relief, including the factual allegations supporting its first claim for relief under the Lanham Act. Both the Counterclaim's common allegations (¶¶ 7-9) and the allegations in the first claim for relief (¶¶ 10-14) sufficiently serve as the factual predicate for Binh Te Food's second claim for relief. As such, the factual allegations in the second claim for relief meet the Federal requirements.

Counterdefendants contend, however, that Section 17200 of California's Business and Professions Code "requires the showing of 'unfair, deceptive,

1  business practice' and such practice offends public policy, and the practice is
2  immoral, unethical, oppressive, unscrupulous, or substantially injurious to
3  consumers." (Motion, at pg. 7, lines 20-25.) Again, this is a misstatement of law.
4  Counterdefendants fail to mention that the applicable statute is written in the
5  disjunctive, and that each prong creates a separate and distinct theory of liability.
6  *Lozano*, 504 F.3d at 731. While the unfairness prong may require a showing of
7  immoral or oppressive conduct, Counterdefendants rightfully indicate that
8  unfairness may also be shown by conduct that creates a substantial injury to
9  consumers. Indeed, this is exactly what Binh Te Foods alleges when it specifically
10 provides that Counterdefendants' use of the "La Bo De" mark will likely cause
11 consumer confusion, mistake or deception. (Counterclaim ¶ 11.)

12 Moreover, Binh Te Foods realleges and incorporates its common allegations
13 and those relating specifically to Counterdefendants' trademark infringement and
14 unfair competition under the Lanham Act. These allegations sufficiently describe
15 the unlawful acts that serve as the basis for relief under Section 17200 of the
16 California Business and Professions Code. Counterdefendants cannot contend in
17 good faith that they have not been provided with fair notice of what the claims are
18 and the grounds upon which they rest.

### IV.

### IN THE ALTERNATIVE, BINH TE FOODS REQUESTS LEAVE TO AMEND

If this Court is inclined to grant Counterdefendants' Motion, Binh Te Foods requests leave to amend its Counterclaim. A complaint or any claim therein should be dismissed without leave to amend only if the deficiencies of the complaint cannot possibly be cured by amendment. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). Consequently, Binh Te Foods seeks leave to amend if this Court finds deficiencies (of which there are none).

# V.

# CONCLUSION

For the foregoing reasons, Binh Te Foods respectfully requests that this Court deny Counterdefendants' Motion.

Dated: April 4, 2011                              Respectfully submitted,

By: /s/  Matthew D. Murphey
Matthew D. Murphey
TROUTMAN SANDERS LLP
Attorneys for Defendant and Counterclaimant
BINH TE FOOD JOINT STOCK COMPANY

*Cong Ty Co Phan Thuc Pham Binh Tay, et al. adv. Mai A. Nguyen, et al.*
**United States District Court, Central District of California, Santa Ana Division**
**Case No. 8:10-cv-01558-CJC-MLG**

### CERTIFICATE OF SERVICE

I, Lynn Solorzano, declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made. I am over the age of 18 and not a party to the within action; my business address is Troutman Sanders LLP, 550 West B Street, Suite 400, San Diego, California 92101.

I certify that on **April 4, 2011**, a true and correct copy of the document entitled **DEFENDANT AND COUNTERCLAIMANT'S OPPOSITION TO PLAINTIFF AND COUNTERDEFENDANTS' MOTION TO DISMISS** was transmitted via ECF to the following parties and/or counsel of record in this action:

| | |
|---|---|
| Hoa Phu Truong, Esq.<br>Truong and Associates<br>10221 Slater Avenue, Suite 202<br>Fountain Valley, California 92708 | Attorneys for Mai A. Nguyen dba MSJ Foods, Inc., MSJ Foods, Inc. |

I declare under penalty of perjury under the laws of the State of California and the United States of America, that the above is true and correct, and that I executed this Certificate of Service on April 4, 2011, at San Diego, California.

/s/ Lynn Solorzano