UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-01558-CJC(MLGx)          Date: April 21, 2011

Title: <u>MAI A. NGUYEN AND MSJ FOODS, INC. V. BINH TE FOOD JOINT STOCK COMPANY, THAI SON, ET AL.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Michelle Urie</u>          <u>N/A</u>
Deputy Clerk          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present          None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFFS' MOTION TO DISMISS** [filed 3/08/11]

      Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* FED. R. CIV. P. 78; LOCAL RULE 7-15. Accordingly, the hearing set for April 25, 2011 at 1:30 p.m. is hereby vacated and off calendar.

**Introduction and Background**

      Plaintiffs Mai A. Nguyen, an individual doing business as MSJ Foods, Inc. and MSJ Foods, Inc. (collectively "Plaintiffs") brought this action for trademark infringement against Defendants Binh Te Food Joint Stock Company, erroneously sued as Cong Ty Co Phan Thuc Pham Binh Tay, ("Binh Te Foods"), Thai Son, and fictitious defendants. Binh Te Foods counterclaimed against Plaintiffs, alleging that Plaintiffs infringed Binh Te Foods' previously existing "La Bo De" mark. Binh Te Foods asserted counterclaims for federal trademark infringement and violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200. Plaintiffs-Counterdefendants now move to dismiss Binh Te's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Plaintiffs' motion to dismiss is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-01558-CJC(MLGx)  Date: April 21, 2011
Page 2

**Analysis**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Mayo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In keeping with this liberal pleading standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

Binh Te Foods has alleged sufficient facts to state a claim for trademark infringement pursuant to 15 U.S.C. § 1125(a)(1)(A). Binh Te Foods alleges that it has used its "La Bo De" mark since 1985 for "easy to make food products" sold in supermarkets aimed at the Asian-American market. (Countercl. ¶ 7.) Binh Te Foods alleges that Plaintiffs began marketing and selling soy sauce and other "easy to make food products" bearing the "La Bo De" mark in supermarkets aimed at the Asian-American market in August 1993. (*Id.* ¶ 8.) Binh Te Foods alleges that it has a priority of use of the "La Bo De" mark over Plaintiffs. (*Id.*) Binh Te Foods also alleges that Plaintiffs' use of the "La Bo De" mark is likely to cause consumer confusion regarding the origin or sponsorship of Plaintiffs' products. (*Id.* ¶ 11.) Binh Te Foods also alleges that it has suffered irreparable injury as a result of Plaintiffs' use of the mark in the Asian-American food industry, including lost profits and loss of valuable good will. (*Id.* ¶¶ 9, 14, 12.)

Binh Te Foods' allegations are also sufficient to state a claim under the UCL. The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Section 17200 borrows violations of other laws and treats them as unlawful practices that are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-01558-CJC(MLGx)                          Date: April 21, 2011
                                                          Page 3

independently actionable under the UCL.  *Farmers Ins. Exchange v. Superior Court*, 2 Cal. 4th 377, 383 (1992).  The "unlawful" prong of Section 17200 means "anything that can properly be called a business practice and that at the same time is forbidden by law." *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1266–67 (1992).  Here, Binh Te Foods' UCL claim is predicated on its trademark infringement claim.  (Countercl. ¶¶ 15–18.)  Binh Te has therefore sufficiently alleged a claim for unlawful business practices in violation of the UCL.

Plaintiffs assert that Binh Te Foods has failed to state a claim for trademark infringement because it has not alleged that it owns a federally registered trademark.  However, it is well-established that a person need not register a trademark with the United States Patent and Trademark Officer in order to have a protectable interest in a mark.  *See, e.g.*, *McCarthy on Trademarks and Unfair Competition* § 7:25 (4th ed. 2011) ("Similarly, unregistered marks and trade dress that are inherently distinctive are protectable under Lanham Act § 43(a) without proof of secondary meaning.")  Plaintiffs also assert that Binh Te Foods has not alleged any injury to support its trademark infringement claims and or its UCL claim.  Binh Te Foods alleges that as a result of Plaintiffs' use of the confusingly similar "La Bo De" mark, it has suffered lost profits and the loss of valuable consumer good will.  (Countercl. ¶¶ 12, 18.)  Rule 8(a) requires only a "short and plain statement" with "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  Binh Te Foods' damages allegations are sufficient to meet that standard.

**Conclusion**

For the foregoing reasons, Plaintiffs' motion to dismiss Binh Te Foods' counterclaims is DENIED.

mkyc

MINUTES FORM 11
CIVIL-GEN                                                 Initials of Deputy Clerk MU