1  TRUONG AND ASSOCIATES
   Hoa Phu Truong, State Bar No. 156411
2  10221 Slater Avenue, Suite 202
   Fountain Valley, CA 92708
3  Tel: (714)963-7335
   Fax: (714)963-2296
4
   Email:TruongLaw@aol.com
5
   Attorneys for Plaintiffs
6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  SANTA ANA DIVISION

11 | MAI A. NGUYEN, an individual and doing        | Case No. : 8:10-CV-01558-CJC-MLG
     business as MSJ FOODS, Inc., MSJ FOODS,
12 | Inc.

13 | Plaintiff,                                    | PLAINTIFFS MAI A. NGUYEN and
                                                    MSJ FOODS, INC.'S UNILATERAL
14 | vs.                                             PRE-TRIAL CONFERENCE STATEMENT

15 | CONG TY CO PHAM THUC PHAM BINH
     TAY, a business entity, form unknown;THAI
16 | SON, a business entity, form unknown; and    | Date: April 16, 2012
     DOES 1 to 10, inclusive,                       Time: 3:00 PM
17                                                  Courtroom: 9B

18              Defendants

19 | BINH TE FOOD JOINT STOCK
     COMPANY, ERRONEOUSLY SUED AS
20 | CONG TY CO PHAM THUC PHAM BINH
     TAY,
21
              Counter-claimant,
22
   vs.
23
   MAI A. NGUYEN, an individual and doing
24 | business as MSJ FOODS, Inc., a business
     entity, form unknown; ROES 1 to 20,
25 | inclusive,

26            Counter-defendants.

27

28

1  Pursuant to Federal Rule of Civil Procedure and Local Rules, Plaintiff and Counter-
2  defendant Mai A. Nguyen , an individual and doing business as MSJ Foods, Inc and MSJ Foods,
3  Inc. presents this Pretrial Statement as below:
4  Plaintiffs and counter-defendants hereby disclose the names of individual witnesses likely
5  to testify to information, and the documentary evidence relevant to the allegations and assertions
6  in the complaint and counterclaim. Plaintiffs and Counter-defendants reserve their right to
7  supplement this list after Defendant have cooperated with the completion of the Pre-Trial
8  Conference Statement .
9
10  ## FACTUAL SUMMARY OF THE CASE
11  This is a case of Trade Mark Infringement, and Violation of Unfair Business Competition,
12  filed by Plaintiff Mai A. Nguyen against Binh Te Food Joint Stock Company claiming to be
13  erroneously sued as Defendant Cong Ty Thuc Pham Binh Tay.
14  Plaintiff was conducting a peaceful, and lawful business in the City of Garden Grove,
15  County of Orange, when suddenly Plaintiff received a threatening letter from defendant to
16  immediately cease operation due to a violation of Defendant's trademark. The letter is so
17  offending that it will shock the conscience of the Court and the jury when it is presented at the
18  trial.
19  Plaintiffs by its lawsuit against Defendant *Cong Ty Thuc Pham Co Pham Binh Tay*, claims
20  that Defendants used the name and logo of "La Bo De" (Buddha Tree Leaf) similar to Plaintiffs'
21  registered Trademark in selling their products, intending to confuse the public and diluting
22  plaintiff's market in the United States.
23  The counter-claimant *Binh Te Food Joint Stock Company*, A Vietnamese Company based
24  in Vietnam, filed its Counterclaim against Plaintiff for Trade Mark Infringement and Business
25  Unfair Competition.
26  There is no evidence produced during this litigation as to the organization of either
27  companies. It is well known and common practices that the burden of proof is on the Defendant
28

1 and Counter-Claimant to prove its legal standing in this action, but they both failed and waived
2 their rights as to the proof of Standing.

3     Plaintiff respectfully submit to the Court that *Binh Te Food Joint Stock Company* admitted
4 in their responses to discovery and other pleadings, that they did not register any mark or
5 trademark in the United States. It the most recent filing, **Docket Report #35**, Counter-claimant
6 admits that there is NO confusion being created when Counter-claimant used its mark in the
7 United States. (Brief at page 4, lines 26-27). This admission clearly support a Court finding that
8 the Counter-claim is unsupported by the evidence, and by laws, and is subject to Court's sanction
9 pursuant to <u>Federal Rule of Civil Procedure, Rule 11.</u>

10

11     (1) Plaintiff Mai A. Nguyen is the owner of "La Bo De" registered Trade Mark. Ms. Mai
12 Anh Nguyen owns MSJ Foods, Inc., A California Corporation. Plaintiffs operate a local
13 manufacture of soy bean sauce in the City of Garden Grove, Orange County, State of California.
14 Plaintiffs acquired the company together with the Trademark in the year of 2004, and has operated
15 the company since that date.

16     (2) The words "La Bod De" when combined with the picture of a Buddha Leaf (La Bo de)
17 constitute the Registered Trademark exclusively registered to and owned by Plaintiffs.

18     (3) Plaintiffs' mark is widely well known because it represents a US produced food sauce,
19 and any other product bearing the same meaning and similar mark, confused the public, and
20 mislead the consumers as to the manufacture of the food product's origin.

21     (4) Defendants's products are made in Vietnam which does not have strict requirement as
22 the Food and Drug Administration (FDA) requirements. As such, Defendants using a US name
23 and mark is intentional, and intended to mislead the public as to the quality and origin of its
24 products, all to violate the California Unfair Business Practice.

25     Plaintiffs Mai A. Nguyen and MSJ Foods, Inc. filed suit in this court for Defendant's
26 violation of Plaintiff's registered Trade Mark "La Bo De" and the California Business Unfair
27 Competition, namely, the Business and Profession Code, section 17200, et seq.
28

## JURISDICTION AND VENUE

This is an action for Trademark Infringement arising under the Trademark Act known as The Lanham Act, 15 U.S.C., Section 1065 et seq., and for a related claim under State law. This Court has jurisdiction of this action under 28 U.S.C., Sections 1331, 1338(a), and 1338(b), and under its supplemental jurisdiction.

Venue is proper in this district under 28 U.S.C. 1391 and 1400(a) and FRCP 4(k)2. Venue is additional proper because the infringing products are sold at local Supermarkets located in Orange County, and at several other supermarkets located though out the United States. The place of the unlawful and illegal activity is within the jurisdiction of this Court.

## BACKGROUND FACTS AND PARTIES

Plaintiff Mai A. Nguyen, Individually and Doing Business As MSJ Foods, and MSJ Foods, Inc is doing business as MSJ Foods Company Limited hereinafter referred to as "Plaintiff", has its principal place of business located in the City of Garden Grove, County of Orange. Plaintiff is and, at all times relevant to the matters alleged in this complaint, was engaged in the business of manufacturing of Food products to export to world markets, including the United States of America. Specifically, Plaintiff have created an original mark referred to as "La Bo De". Plaintiff registered its brand name with the US Patent and Trademark Office, in the Principal Register, and on November 4, 2008, Plaintiff was granted an exclusive License, a copy is attached to the Complaint on file with the Court.

Plaintiffs allege, that Defendants collectively, sold products bearing mark similar and intended to confused the public, with Plaintiff's Registered Trademark.

Defendants, jointly and collectively, manufactured, imported, distributed, marketed, and sold to the general public food products bearing a mark closely similar to Plaintiff's registered Trademark - the "La Bo De" marking - belonging to Plaintiff, with the intent *to cause and to create confusion* in the community and market. Defendants admit in the Responses to propounded discovery that "public

1  confusion" was created by the two marks at issue.

2      The products sold by Defendants have a name and design of "La Bo De", with the exact, and
3  similar markings, *same meaning*, color and presentation of Plaintiff's mark.

4      Plaintiffs further allege, that Defendants import, distribute the product with infringing mark
5  into the United States with the intent to violate Plaintiff's US Register Trademark. Plaintiff alleges,
6  that Defendants intentionally and unlawfully violate the Lanham Act, wilfully infringing upon
7  Plaintiff's mark. Defendants intended to confuse the public by imitating a US Registered Trademark
8  to gain on the Origin for Food products to bypass the requirements of the US Food and
9  Administration Agency.

10     Each month, Plaintiff lost sales until the date Defendants cessation of importing to the United
11 States of the infringing products. The lost is continuing because Defendants have not provided any
12 documentary evidence as to the cessation of their illegal activities.

13     Plaintiff is seeking a Court Order restraining Defendants and Counter-Claimant from
14 infringing upon Plaintiff's Registered Trademark.

15

16 
### A. FIRST CLAIM FOR RELIEF
### VIOLATION OF PLAINTIFF'S TRADEMARK

17     By its actions as alleged above, defendants have infringed and will continue to infringe
18 Plaintiff's Trademark by producing, distributing, and placing upon the market products which are
19 creating and causing confusion on the market and are infringement of Plaintiff's trademarked
20 products.

21     Plaintiff is entitled to damages, and an injunction restraining Defendants, their officers,
22 agents, and employees, and all persons acting in concert with them, from engaging in any further
23 such acts in violation of the US Trademark laws known as the Lanham Act. Plaintiff is further
24 entitled to recover from Defendants its damages, including attorney's fees and costs, it sustained
25 and will sustain, and any gains, profits and advantages obtained by Defendants as a result of
26 Defendants' acts of infringement alleged above. Plaintiff will seek leave of Court to amend the
27 amount of damages or will present such sums at the time of trial. Plaintiff reserves its rights to
28

either elect statutory or compensatory damages at the time of trial. <u>15 U.S.C. sections 1065, 1114, 1115, 1116, 1117, and 1118</u>.

### B. SECOND CLAIM FOR RELIEF
### UNFAIR BUSINESS COMPETITION

Defendants' conduct alleged above constitutes unlawful, unfair, and/or fraudulent business practices in violation of the <u>California Business and Professions Code, Sections 17200 et seq</u>. These wrongful acts have proximately caused and will continue to cause Plaintiff substantial injury, including loss of customers, dilution of its goodwill, confusion of existing and potential customers, injury to its reputation, and diminution of the value of its products. Plaintiff is entitled to an injunction restraining Defendants, their officers, agents, employees, and all persons acting in concert with them from engaging in further such unlawful conduct.

### PLAINTIFFS' REQUEST FOR DISMISSAL
### OF THE COUNTER-CLAIM

Plaintiff/Cross-defendant Mai A. Nguyen and MSJ Foods, Inc. Limited filed a complaint against Defendants for Trademark Infringement and Unfair business competition. Concurrent with Defendants' answer, Defendants filed counterclaims alleging that this moving party breached violated Defendants' Trademark and claims Unfair Business Practice.

A. <u>The Counter-claim must be dismissed for Legal and Procedural Reasons to preserve Court's time and resources</u>:

The counter-claim failed for several reasons, both procedurally and in legal substance. the Counter-Claim failed to meet Local Rules 3.2 , 4.1, and 11-3.8.

First and most important, Defendants does not have a Trademark registered in the United States for their mark to claim for Statutory damages. Defendants may proffer evidence of Special damages which are the direct cause of any of Plaintiffs unlawful act and conduct. In this respect,

- 6 -

Defendants' did not have any damages, directly caused by Plaintiffs' business conduct in this country.

Second, Defendant/Counter claimant does not have any *lost profits or damages* to prove that they have been damaged, and these damages were *caused* by Plaintiffs' acts and conduct. The evidentiary documents produced by Defendants failed to meet the threshold of this evidentiary requirement.

Third, defendant/counter-claimant failed to produce any documentary evidence to show that they have *legal standing* to initiate legal proceedings due to the facts that they are "ghost companies" without proper government licenses to operate. In all responses to propounded discovery, Defendant and Counter-Claimant failed to produce any evidence to prove their identity, their corporate existence, and the legal authority to claim that they had corporate authority to file suit in this Court. Additionally, Defendant and Counter-claimant failed to produce any documentary evidence to prove that they have legal (conferred) authority to claim the use of the mark which is the basis of the counter-claim. Defendants -Counter-Claimant lack legal standing to defend and initiate the Counter-claim. Counter-claimant failed to adhere to the Disclosures as stated in the Initial Disclosure Statement on file with the Court. **Docket Report #17.**

Fourth, Defendants failed to produce *any evidentiary documents* to support their claim of Unfair Business Practices, which practically requires that Plaintiff proffered evidence of an unlawful business practice. As to this cause of action, *Defendants failed to demonstrate* that there is a causal nexus between Plaintiff's unlawful business practice and Defendants' damages.

As such, the allegations as stated, failed to state a prima facie claim for (1) Trademark violation and (2) the Unfair Business Practice since each elements of the formation of the specific claim is not stated as it relates to each Counter- Defendants, particularly, there was a violation committed by each Plaintiff against Defendant and Counter-Claimant. There was no fact to support any "injury in fact" caused by either Plaintiff against the injured Defendants. The counter-claim is without legal basis, and frivolous, and shall be sanctioned in accordance with FRCP Rule 11.

**PLAINTIFF'S WITNESSES AT TRIAL:**

1. **Mai A. Nguyen**, Plaintiff and Corporate Officer of MSJ Foods, Inc.

Ms. Nguyen will testify regarding the claims stated in the Complaint against Defendant Cong Ty Co Pham Thuc Pham Binh Tay, and about the claim for Unfair Business Competition.

Ms. Nguyen will testify about the purchase of her business in 2004, authenticate the trademark of "La Bo de" as part of the purchase of the company, and all documents filed with the US Trademark office.

Ms. Nguyen will also testify about the Defense to the Counter-Claim for Trademark violation as filed by Binh Te Foods.

Ms. Nguyen will also testify to rebut any claim by Defendant and Counter-claimant.

The testimony will be about 3 hours

2. **MSJ Foods, Inc.**, Corporate Officer. This Witness will testify about the impact of the Defendant's violation of Plaintiff's trademark, the company's finances, and all issues stated in the complaint and the defense of the counter-claim.

This witness testimony will take about two hours.

3. Rebuttal witnesses to Defendants' witnesses.

4. All persons listed in Binh Te Food Joint Stock Company's Initial Disclosure.

**EVIDENCE:**

1. Plaintiff will present at trial:

    A. Defendants responses to propounded Discovery, i.e, Requests for production of documents, and related documents produced;

    B. Defendants responses to Special Interrogatories;

    C. Defendants' letters, and communications;

1    D. Plaintiffs' responses to Discover, i.e, Responses to Requests for Production of
2 Documents and related documents;
3    C. Plaintiffs request to the Court for Judicial Notice of defendants' all pleadings on
4 file and (2) the Brief Mandatory Settlement Conference. **Docket Report #35.**

## DAMAGES:

Plaintiffs seek al monetary relief available under Lanham Act and applicable state law on its claim including disgorgement of profits, statutory damages, statutory damages, attorneys' fees and costs, and damages ( including treble damages pursuant to 15 U.S.C. § 1117 and other applicable laws), and a Permanent Injunction.

The amount are unknown at this early time of the litigation. Plaintiff reserves the right to supplement this statement after further compliance with the Local Rules by defendants.

## COUNSEL'S DECLARATION

I, Hoa Phu Truong, attorney for Plaintiff and Counter-Defendants Mai A. Ngo, individually and doing business as MSJ Foods, MSJ Foods, Inc. certifies that to the best of my knowledge, information and belief, formed after an inquiry that is reasonable under the circumstances, this disclosure is correct and complete at this early time of the litigation.

I communicated and sent Defendant's counsel several written communications and I have not received cooperation to complete the Joint Pre-Trial Conference Statement. As such, I respectfully submit this (Unilateral) Plaintiff's Pretrial Conference Statement .

Dated: April 9, 2012

TRUONG AND ASSOCIATES

Hoa Phu Truong, Esq.
Attorney for Plaintiffs
Mai A. Nguyen & MSJ Foods, Inc.

-9-